1
2
3
4
5 **UNITED STATES DISTRICT COURT**

6 **EASTERN DISTRICT OF CALIFORNIA**

7
8
9 ISCANDER MADRIGAL,                    Case No.  1:14-cv-01436-LJO-SAB (HC)

10              Petitioner,             FINDINGS AND RECOMMENDATION TO
                                        DENY PETITIONER'S MOTION TO STAY
11       v.                             PETITION (ECF NO. 23) AND TO DISMISS
                                        PETITION WITHOUT PREJUDICE
12 JEFF MACOMBER,

13              Respondent.

14

15       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16 pursuant to 28 U.S.C. § 2254.

17                                        **I.**

18                                  **BACKGROUND**

19       Petitioner challenges his 2011 conviction sustained in the Kings County Superior Court

20 for murder.  (ECF No. 1 at 1).[1]  Petitioner was sentenced to life without parole.  (Id.).

21       Petitioner appealed to the California Court of Appeal Fifth Appellate District.  (LD[2] 16).

22 On June 5, 2013, the Fifth Appellate District affirmed the convictions and judgment.  (LD 19).

23 On July 15, 2013, Petitioner filed a petition for review in the California Supreme Court.  (LD

24 20). On August 21, 2013, the California Supreme Court denied the petition for review.  (LD 21).

25       On January 22, 2014, Petitioner filed a writ of habeas corpus in the Kings County

26 Superior Court.  (LD 22).  On March 12, 2014, the Court denied Petitioner's habeas petition.

27 (LD 23).  On May 1, 2014, Petitioner filed a petition for writ of habeas corpus in the Fifth

28
---
[1] Page numbers refer to the ECF page numbers.
[2] "LD" refers to the documents lodged by the Respondent with the Court on January 27, 2015.

1   Appellate District.  (LD 24).  On May 15, 2014, the Fifth Appellate District denied the petition.

2   (LD 25).  On June 10, 2014, Petitioner filed a petition for writ of habeas corpus in the California

3   Supreme Court.  (LD 26).  On August 13, 2014, the California Supreme Court denied the petition

4   for writ of habeas corpus with a citation to In re Dixon, 41 Cal.2d 756, 759 (1953).

5       On September 10, 2014, Petitioner filed the instant petition for writ of habeas corpus.  He

6   raises the following claims in his federal petition: 1) His Confrontation Clause rights were

7   violated when Officer Buhl testified about hearsay statements; 2) Officer Buhl's testimony

8   violated Petitioner's due process rights because there was no showing of particularized

9   guarantees of trustworthiness; 3) The trial court violated his due process and constitutional rights

10  when it did not exclude confidential informant Garcia's testimony when the confidential

11  informant had given him drugs and alcohol before eliciting incriminating statements; and 4) He

12  received ineffective assistance of counsel because his counsel failed to make specific and timely

13  objections to the admission of the evidence and testimony of confidential informant Garcia.

14      In Respondent's answer, he claims that Petitioner has not exhausted his ineffective

15  assistance of counsel claim and also the first and second claims concerning Officer Buhl's

16  testimony, except that the claims concerning Officer Buhl's testimony are exhausted to the extent

17  that Petitioner's argument is construed as being that the state court unreasonably determined,

18  even assuming error, that the admission of Deputy Buhl's testimony was harmless error.  (ECF

19  No. 18).  Petitioner filed a motion to stay the petition.  (ECF No. 23).

## II.

### DISCUSSION

**A.  Preliminary Review**

23      Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a

24  preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition

25  "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief."

26  Rule 4 of the Rules Governing 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate

27  that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under

28  Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been

1  filed.

2      **B. Exhaust State Court Remedies**

3      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

4  a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

5  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

6  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

7  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

8  1163 (9th Cir. 1988).

9      A petitioner can satisfy the exhaustion requirement by providing the highest state court

10  with a full and fair opportunity to consider each claim before presenting it to the federal court.

11  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

12  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest

13  state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

14  highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis);

15  Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

16      Additionally, the petitioner must have specifically told the state court that he was raising

17  a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

18  669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court

19  reiterated the rule as follows:

20

21          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
        exhaustion of state remedies requires that petitioners "fairly

22          presen[t]" federal claims to the state courts in order to give the
        State the "'opportunity to pass upon and correct alleged violations

23          of the prisoners' federal rights" (some internal quotation marks
        omitted). If state courts are to be given the opportunity to correct

24          alleged violations of prisoners' federal rights, they must surely be
        alerted to the fact that the prisoners are asserting claims under the

25          United States Constitution. If a habeas petitioner wishes to claim
        that an evidentiary ruling at a state court trial denied him the due

26          process of law guaranteed by the Fourteenth Amendment, he must
        say so, not only in federal court, but in state court.

27  Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

28          Our rule is that a state prisoner has not "fairly presented" (and thus
        exhausted) his federal claims in state court unless he specifically

indicated to that court that those claims were based on federal law. See Shumway v. Payne,   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000).

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 520-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition, and return to federal court only when he has finally exhausted his state court remedies.[3]

Respondent argues in his answer that some of Petitioner's claims in his federal petition are unexhausted because the claims have not been presented to the California Supreme Court. Respondent does not challenge whether Petitioner's claim concerning confidential informant Garcia was exhausted. Respondent argues that claims one and two concerning Deputy Buhl's testimony are unexhausted, but he concedes that they are exhausted only to the extent that Petitioner challenges that the Court of Appeal erred in its harmless error analysis.

The only issue that Petitioner raised in his petition for review to the California Supreme Court was that the Court of Appeal's harmless error analysis was erroneous.   (LD 20).

---

[3] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

1  Respondent argues that it is evident that the California Supreme Court did not reach the merits of

2  Petitioner's argument that he raises in his federal petition that the admission of Deputy Buhl's

3  testimony violated his Confrontation Clause and Due Process rights.  However, if a petitioner's

4  claims were "sufficiently related" to or "intertwined" with an exhausted claim, then a petitioner

5  has fairly presented the claim for exhaustion purposes.  Wooten v. Kirkland, 540 F.3d 1019,

6  1025 (9th Cir. 2008) (citing Lounsbury, 374 F.3d at 788).  "Claims are 'sufficiently related' or

7  'intertwined' for exhaustion purposes when, by raising one claim, the petition clearly implies

8  another error."  Id.

9      In the instant petition, Petitioner challenges the admission of Deputy Buhl's testimony

10  violated his Confrontation Clause rights and also his Due Process rights.  In his petition to the

11  California Supreme Court, Petitioner argued that the California Court of Appeal's harmless error

12  analysis was erroneous.  (LD 20 at 5-26).  The California Court of Appeal had analyzed

13  Petitioner's arguments about Deputy Buhl's testimony by discussing whether any error in

14  admitting the contested testimony was harmless beyond a reasonable doubt.  (ECF No. 1 at 17).

15  Petitioner then challenged in his petition for review to the California Supreme Court the

16  California Court of Appeal's decision about whether there was harmless error.  (ECF No. 20 at

17  5-26).  Therefore, Petitioner's argument to the California Supreme Court was essentially that the

18  California Court of Appeal had erred when analyzing whether Deputy Buhl's violated

19  Petitioner's Confrontation Clause and Due Process rights.  Thus, upon a review of Petitioner's

20  opening brief to the California Court of Appeal on direct appeal, the California Court of

21  Appeal's decision, Petitioner's petition for review to the California Supreme Court, and the

22  instant federal habeas petition, the Court finds that Petitioner's first and second grounds of the

23  instant petition challenging whether Deputy Buhl's testimony violated Petitioner's Confrontation

24  Clause and Due Process rights were sufficiently related and intertwined for exhaustion purposes

25  with the claim that Petitioner raised to the California Supreme Court.  See Wooten v, 540 F.3d at

26  1025.  Accordingly, the Court finds that Petitioner has exhausted the first and second grounds of

27  the instant petition, and may proceed on these grounds.

28      Respondent also argues that Petitioner has not exhausted his ineffective assistance of

1  counsel claim.  Petitioner's ineffective assistance counsel claim was not raised in the petition for

2  review to the California Supreme Court.  (LD 20).  This claim was also not raised in Petitioner's

3  state habeas petitions to the Kings County Superior Court, the California Court of Appeal, and

4  the California Supreme Court.  (LD 22, 24, 26).  Petitioner concedes that he did not exhaust his

5  ineffective assistance of counsel claim and he asks the Court to stay his petition so that he may

6  now exhaust that claim.

7        Therefore, Petitioner's claims concerning Deputy Buhl's testimony and confidential

8  informant Garcia's testimony are exhausted, and he may proceed on those claims.  However,

9  Petitioner's ineffective assistance claim has not been presented to the California Supreme Court,

10  and therefore, it is unexhausted.  Therefore, the petition contains unexhausted and exhausted

11  claims, and it is a mixed petition.  See Rose, 455 U.S. at 520-22.

12        **C.  Petitioner's Motion to Stay Petition**

13        Petitioner requests a stay so that he may exhaust his state court remedies.  (ECF No. 23).

14  A district court has discretion to stay a mixed petition and allow the petitioner to return to state

15  court to exhaust her state remedies.  Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v.

16  United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart,

17  105 F.3d 1268, 1274 (9th Cir.1997).  However, the Supreme Court has held that this discretion is

18  circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rhines,

19  544 U.S. at 277.

20        There are two procedures for staying federal habeas petitions so that petitioners may

21  exhaust claims in state court.  See Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002);

22  Rhines, 544 U.S. at 277.  For a Rhines stay, the district court stays the mixed petition, so that the

23  petitioner does not have to dismiss the unexhausted claims from the petition while exhausting his

24  claims in state court.  Rhines, 544 U.S. at 277.  For a Kelly stay, a three-step procedure is used:

25  (1) A petitioner amends his petition to delete any unexhausted claims; (2) The court in its

26  discretion stays the amended, fully exhausted petition, and holds it in abeyance while the

27  petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3)

28  Once the claims have been exhausted in state court, the petitioner may return to federal court and

1  amend his federal petition to include the newly-exhausted claims.  Kelly, 315 F.3d at 1070-71

2  (citing Taylor, 134 F.3d at 986).  The three-step stay-and-abeyance procedure approved in Kelly

3  is more cumbersome than the Rhines standard, because a petitioner "will be able to amend his

4  unexhausted claims back into his federal petition once he has exhausted them only if those

5  claims are determined to be timely."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).

6  Whereas, for a Rhines stay, there is no limitations issue with regard to the originally unexhausted

7  claims because the claims remain pending in the federal habeas petition while the petitioner

8  exhausts them in state court.  See King, 564 F.3d at 1140.

9      In light of AEDPA's objectives, "stay and abeyance [is] available only in limited

10  circumstances" and "is only appropriate when the district court determines there was good cause

11  for the petitioner's failure to exhaust his claims first in state court."  Id. at 277.  In Wooten, the

12  Ninth Circuit held that a petitioner who failed to exhaust because "he was 'under the impression'

13  that his counsel included all of the issues raised before the California Court of Appeal in his

14  petition before the California Supreme Court" is not entitled to stay and abeyance of the federal

15  habeas petition.  Wooten, 540 F.3d at 1024.

16      In this case, it appears that Petitioner seeks a stay pursuant to Rhines.  The Court does

17  not find good cause to excuse Petitioner's failure to exhaust.  Petitioner had multiple

18  opportunities to present his unexhausted claims to the state courts.  Petitioner could have raised

19  his unexhausted ineffective assistance of counsel claims during the round of collateral review in

20  the state courts.  However, Petitioner failed to do so.  Petitioner filed habeas petitions in the

21  Kings County Superior Court, the California Court of Appeal, and the California Supreme Court,

22  but he did not raise any ineffective assistance of counsel claims.  (LD 22, 24, 26).  Staying the

23  case at this juncture in order to allow Petitioner to pursue another round of review in the state

24  courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective

25  of streamlining federal habeas proceedings.  Rhines, 544 U.S. at 277.  Petitioner has failed to

26  show that he did not sit on his rights.  Accordingly, Petitioner's motion to stay the proceedings

27  pursuant to Rhines must be denied.

28      It appears that Petitioner is not requesting a stay pursuant to Kelly in his motion for a

1   stay.   Petitioner is advised that for a <u>Kelly</u> stay, a petitioner "will be able to amend his
2   unexhausted claims back into his federal petition once he has exhausted them only if those
3   claims are determined to be timely."   <u>King</u>, 564 F.3d at1140-41 (9th Cir. 2009).   In order to
4   proceed on a <u>Kelly</u> stay, a petitioner must amend his petition to delete any unexhausted claims,
5   and then the amended petition that contains only exhausted claims may be stayed.   For a <u>Kelly</u>
6   stay, once the claims have been exhausted in state court, the petitioner may return to federal
7   court and amend his federal petition to include the newly-exhausted claims.

8        As the Court has determined that Petitioner's motion for a <u>Rhines</u> stay must be denied
9   and as the petition is a mixed petition, the Court must dismiss the mixed petition without
10  prejudice to give a petitioner an opportunity to exhaust the claims if he can do so.   <u>See</u> <u>Rose v.</u>
11  <u>Lundy</u>, 455 U.S. at 521-22.   However, when a petition contains unexhausted claims, a petitioner
12  may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims.
13  <u>See</u> <u>Anthony</u>, 236 F.3d at 574 ("[D]istrict courts must provide habeas litigants with the
14  opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to
15  suffering dismissal.").   Petitioner may also file a motion for a <u>Kelly</u> stay, which must include an
16  amended petition which deletes any unexhausted claims.

17                                    **III.**

18                          **RECOMMENDATION**

19        Accordingly, the Court RECOMMENDS that Petitioner's motion for a stay pursuant to
20  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), be DENIED, and the petition for writ of habeas
21  corpus be DISMISSED without prejudice.

22        Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30)
23  days of the date of service of this Findings and Recommendation.   Petitioner may also file a
24  motion for a stay pursuant to <u>Kelly</u>, 315 F.3d at 1070-71.   If Petitioner fails to withdraw the
25  unexhausted claims or be granted a <u>Kelly</u> stay, the Findings and Recommendation will be
26  submitted to the District Judge for dismissal of the petition.   <u>See</u> <u>Rose</u>, 455 U.S. at 520.

27        Within thirty (30) days after the date of service of this Findings and Recommendation,
28  any party may file written objections with the Court and serve a copy on all parties.   Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

Provided Petitioner does not move to withdraw the unexhausted claims or move and be granted a stay pursuant to <u>Kelly</u>, 315 F.3d at 1070-71, the Findings and Recommendation will then be submitted to the assigned District Judge for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 21, 2015**

UNITED STATES MAGISTRATE JUDGE