1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISCANDER MADRIGAL, | Case No. 1:14-cv-01436-LJO-SAB-HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION (ECF No. 24) IN PART, DENYING PETITIONER'S MOTIONS FOR A <u>RHINES</u> STAY (ECF Nos. 23, 25), GRANTING PETITIONER'S <u>KELLY</u> STAY (ECF No. 27), AND STAYING PETITION |
| v. | |
| JEFF MACOMBER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 21, 2015, the Magistrate Judge issued a findings and recommendation that recommended that the petition be dismissed without prejudice for failure to exhaust state remedies. (ECF No. 7). Petitioner filed a second motion for stay and abeyance the day after the Court issued the findings and recommendation. (ECF No. 25). On July 29, 2015, the Court directed the Clerk of the Court to serve the findings and recommendation on Petitioner. (ECF No. 26). In the July 29, 2015 order, the Court granted Petitioner thirty (30) days from the date of service of the Findings and Recommendation to move to withdraw the unexhausted claims, file objections to the findings and recommendation, or file a motion for a stay pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063, 1070-71 (9th Cir. 2002) <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007). On July 29, 2015, the findings and recommendation, order

1  granting Petitioner's motion for extension of time to file a traverse, and the July 29, 2015 order

2  granting motion for extension of time to file objections were served on Petitioner.

3       On August 17, 2015, Petitioner filed a motion to stay the petition pursuant to <u>Kelly</u>.

4  (ECF No. 27).  Petitioner filed a traverse on August 28, 2015, which the Court will construe as

5  objections to the findings and recommendation.  (ECF No. 28).

6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted

7  a de novo review of the case.  The Court has reviewed the entire file, including Petitioner's

8  objections and his three motions for stay and abeyance.  The Court concludes that the Magistrate

9  Judge's Findings and Recommendation document is supported by the record and proper analysis;

10 however, in light of Petitioner's August 17, 2015 motion for a <u>Kelly</u> stay, the Court will not

11 dismiss the petition and the Findings and Recommendation will be adopted in part.

12      The Court concurs with the Magistrate Judge's analysis that grounds one, two, and three

13 of the petition are exhausted.  Petitioner's first and second grounds for relief in the federal

14 habeas petition were sufficiently related and intertwined for exhaustion purposes with the claim

15 that Petitioner raised to the California Supreme Court.  Respondent conceded that claim three

16 was exhausted.  The Court also concurs with the Magistrate Judge that ground four of the

17 petition is unexhausted, as Petitioner did not present his ineffective assistance of counsel claim to

18 the California Supreme Court.

19      A petition that contains unexhausted claims must be dismissed.  <u>Anthony v. Cambra</u>, 236

20 F.3d 568, 574 (9th Cir. 2000).  Under <u>Rhines v. Weber</u>, a district court has discretion to stay a

21 mixed federal habeas petition to allow a petitioner time to present his unexhausted claims to state

22 courts.  544 U.S. 269, 276 (2005).  This "stay and abeyance" procedure is available only in

23 limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the

24 unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally

25 engage in dilatory litigation tactics.  <u>Id</u>. at 277–78.

26      Petitioner requested a stay pursuant to <u>Rhines</u>.  In the May 21, 2015 findings and

27 recommendation, the Magistrate Judge found that Petitioner failed to show that he did not sit on

28 his rights.  The Magistrate Judge did not find good cause to excuse Petitioner's failure to

exhaust.  This Court agrees with the Magistrate Judge's findings that Petitioner's motion for a Rhines stay should be denied.  Petitioner does not provide good cause for his failure to raise these claims in state court earlier, which is required under Rhines.  Furthermore, Petitioner had multiple opportunities to present his unexhausted claims to the state courts.   Petitioner could have raised his unexhausted ineffective assistance of counsel claims in his state habeas petitions.  Therefore, Petitioner's request for a Rhines stay must be denied.

Under Kelly v. Small, if a petitioner dismisses a mixed petition's unexhausted claims, the district court may stay the petition's remaining exhausted claims to allow the petitioner time to exhaust the unexhausted claims in state court.  315 F.3d at 1070–71.  Unlike the procedure permitted by Rhines, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See King, 564 F.3d at 1135.  However, a petitioner's use of Kelly's three-step procedure is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back to claims contained in the original petition that were exhausted at the time of filing.  King, 564 F.3d at 1143.

In addition to his motion for a Kelly stay, Petitioner presented a petition that only contains exhausted claims, which satisfies the first requirement for a Kelly stay.  (ECF No. 27).  It appears that Petitioner's ineffective assistance of counsel claim may relate back to the claims contained in the original petition.  The Court will evaluate whether the newly exhausted claims are timely or relate back to the claims contained in the original petition when Petitioner files his motion to amend after the California Supreme Court's order.  Therefore, the Court will grant a stay pursuant to Kelly so that Petitioner may exhaust his claim in state court.

However, the Court will not indefinitely hold the petition in abeyance.  Id.  Petitioner must diligently pursue his state court remedies.  He is directed to file a status report within thirty

(30) days of the date of service of this Order, and he must file a status report every ninety (90) days thereafter advising the Court of the status of the state court proceedings.  Following final action by the state courts, provided the opinion is a denial of relief, Petitioner must file an amended petition within thirty (30) days of the California Supreme Court's order.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay nunc pro tunc to the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1.  The May 21, 2015 findings and recommendation is ADOPTED in part as modified in this order;

2.  Petitioner's motions for a stay under <u>Rhines</u> (ECF Nos. 23, 25) are DENIED;

3.  Petitioner's motion for a <u>Kelly</u> stay and abeyance (ECF No. 27) is GRANTED;

4.  Petitioner's motion to amend the petition (ECF No. 27) is GRANTED;

5.  The proceedings are STAYED pending exhaustion of state remedies; and

6.  Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, and then every ninety (90) days thereafter.  Within thirty (30) days of the date of the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated:   __September 17, 2015__          ___/s/ Lawrence J. O'Neill__
                                        UNITED STATES DISTRICT JUDGE